IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHINA PACIFIC PROPERTY INSURANCE CO., LTD. | § § § | |
| *vs*. | § § | C.A. NO. H – 16 – 112  ADMIRALTY |
| M/V STAR KILIMANJARO, *her tackle, apparel, furniture, equipment, etc., et al.* | § § § | |

### *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff China Pacific Property Insurance Co., Ltd. files this Original Complaint against Defendants, the M/V STAR KILIMANJARO, *in rem*, and Grieg Shipping II AS ("Grieg Shipping"), Grieg Star Shipping AS ("Grieg Star") and Cooper/T. Smith Stevedoring Company, Inc. ("Cooper"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a Chinese corporation with its principal place of business in Shanghai, People's Republic of China. At all times material, Plaintiff insured CIEC USA

Incorporation ("CIEC") and/or a cargo of ERW steel pipe (the "cargo"). Plaintiff paid CIEC for the loss of the cargo under an insurance policy and is contractually and/or equitably subrogated to CIEC's interest in the cargo. Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargo.

3. On information and belief and at all times material, the M/V STAR KILIMANJARO was an ocean going vessel, registered in Norway, bearing International Maritime Organization (IMO) No. 9396139, weighing approximately 37,158 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States.

4. On information and belief and at all times material, Grieg Shipping owned, chartered, managed and/or operated the M/V STAR KILIMANJARO as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai and Houston. On information and belief, Grieg Shipping is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard a vessel or vessels to and from Texas, owning, operating and/or managing a vessel or vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. On information and belief, Grieg Shipping is a non–resident as that term is used in

Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Grieg Shipping may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Grieg Shipping has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Grieg Shipping is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Grieg Shipping with a summons is effective to establish personal jurisdiction over it. Grieg Shipping can be served by serving the Texas Secretary of State. Process or notice can be sent to Grieg Shipping at its home office in care of Grieg Star AS, Grieg–Gaarden, C. Sundtsgate 17/19, 5004 Bergen, Norway.

5. On information and belief and at all times material, Grieg Star chartered, managed and/or operated the M/V STAR KILIMANJARO as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai and Houston. On information and belief, Grieg Star is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by managing and/or operating vessels carrying cargo to and from Texas, managing and/or operating vessels in Texas navigational waters, entering into contracts for the management and/or operation of vessels in Texas, entering into contracts for the management and/or operation of vessels to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil

3

Practice & Remedies Code. On information and belief, Grieg Star is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Grieg Star may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Grieg Star has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Grieg Star is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Grieg Star with a summons is effective to establish personal jurisdiction over it. Grieg Star can be served by serving the Texas Secretary of State. Process or notice can be sent to Grieg Star at its home office, Grieg–Gaarden, C. Sundtsgate 17/19, P.O. Box 781 Sentrum, N0–5807 Bergen, Norway.

6. On information and belief and at all times material, Cooper was a Louisiana corporation engaged in the business of loading and discharging cargos to and from vessels at the Port of Houston. Cooper can be served by its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201–3136.

7. On or about August 25, 2014, CIEC's shipper tendered in good order and condition to the M/V STAR KILIMANJARO, Grieg Shipping and Grieg Star at Shanghai a cargo of ERW steel pipe. Grieg Shipping and/or Grieg Star agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges.

Grieg Shipping and/or Grieg Star acknowledged receipt of the cargo in good order and condition, and accordingly therewith, issued at Shanghai one or more bills of lading, including Bill of Lading No. GSSW14BGN0917C, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V STAR KILIMANJARO.

8. On or about October 19, 2014, the M/V STAR KILIMANJARO arrived at Houston where Defendants later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, contaminated, scratched and/or otherwise physically damaged. The loss and Plaintiff's resulting damages proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment, violation(s) of the duties of a common carrier of goods by water for hire, and/or failure to perform services in a workmanlike manner.

9. Alternatively, on information and belief, the loss and Plaintiff's resulting damages proximately resulted from the unseaworthiness of the M/V STAR KILIMANJARO.

10. Plaintiff proximately has sustained damages exceeding $53,181.93 plus interest dating from August 25, 2014, demand for which has been made upon Defendants but which they refuse to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff China Pacific Property Insurance Co., Ltd. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V STAR KILIMANJARO, her engines, tackle, apparel, furniture, equipment, *etc*.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V STAR KILIMANJARO be condemned and sold to satisfy the damages aforesaid; and, this Honorable Court adjudge that Defendants, the M/V STAR KILIMANJARO, *in rem*, and Grieg Shipping II AS, Grieg Star Shipping AS and Cooper/T. Smith Stevedoring Company, Inc., *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____
Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
5535 Memorial Drive, Suite F570
Houston, Texas 77007
Telephone:     (713) 864–2221
Facsimile:      (713) 864–2228
Email:     macknife@macknife.net

6

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

                                          ATTORNEYS FOR PLAINTIFF